IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MARK A. HILL, | : | Case No. 2:21-cv-04142 |
| Plaintiff, | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| JENNIFER PELL, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Mark Hill is an inmate who is proceeding without the assistance of counsel. His complaint asserts civil rights claims against several private individuals.

This matter is before the Court on Plaintiff's Motion for TRO and Preliminary Injunction ("Motion," Doc. 19). In the Motion, Plaintiff seeks emergency injunctive relief that would freeze the assets of Defendant Rita Hamm, who allegedly is in Hospice and is not expected to survive. Plaintiff avers that Defendant Anita Hamm is the sole beneficiary of Defendant Rita Hamm and, further, that she intends to dissipate Defendant Rita Hamm's assets after her death. Plaintiff claims that he "will be irreparably harmed by the inability to obtain satisfaction of any damages sought upon the resolution of this action." (Doc. 19, PageID 145.) He seeks an order "prohibiting the use, conversion, depletion, and disposition of Defendant Rita Hamm's assets by Defendant Anita L. Hamm." (*Id.*)

1

I.      **LEGAL STANDARD**

Rule 65 of the Federal Rules of Civil Procedure authorizes this Court to issue preliminary injunctions and temporary restraining orders (TROs). The purpose of awarding preliminary or temporary injunctive relief is to maintain the status quo pending the resolution of the parties' dispute.

TROs have unique attributes that distinguish them from preliminary injunctions. First, the Court is permitted to issue a TRO based solely upon the plaintiff's motion, evidence and arguments, without even hearing from the defendant. Second, since only extraordinary circumstances could justify awarding injunctive relief without giving the defendant an opportunity to respond, the plaintiff must show that he will be immediately and irreparably harmed if a TRO is not issued. Third, the TRO can only be in effect for a short period of time, typically 14 (or occasionally 28) days. Finally, when moving for a TRO, the plaintiff's attorney (or the plaintiff, if proceeding pro se) is required to "certif[y] in writing any efforts made to give notice [of the motion for TRO to the defendant(s)] and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

An "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The Court considers four factors: "(1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by

issuing the injunction." *Id*. at 573. The Court must balance these factors instead of simply viewing them as prerequisites to be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997).

## II.  ANALYSIS

For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for preliminary and temporary injunctive relief be denied.

As an initial matter, Plaintiff did not "certif[y] in writing any efforts made to give notice and the reasons why it should not be required," as mandated by Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure. Thus, the Court is not permitted to issue a TRO without notice to the Defendants. Fed. R. Civ. P. 65(b)(1).

Plaintiff also has not made the requisite showing to support the award of a TRO or preliminary injunction. For example, Plaintiff has not shown that he has a strong likelihood of success on the merits of his civil rights claims against Defendants, who are all private individuals. He also has not shown that freezing the assets of Defendant Rita Hamm would not cause substantial harm to others.

Most importantly, Plaintiff has not shown that he will be irreparably harmed. "To demonstrate irreparable harm, the plaintiffs must show that … they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Here, Plaintiff avers that he was informed by Defendant Brittany Hamm that Defendant Rita Hamm is expected to pass away in the near future, that Defendant Anita Hamm is the sole beneficiary of her estate, and that Defendant Anita Hamm intends to dissipate all of Defendant Rita Hamm's assets. Taken

3

together, these assertions are speculative and unsubstantiated. They do not prove that Plaintiff faces actual and imminent harm, and therefore do not establish irreparable harm.

Further, the harm that Plaintiff has identified – namely, an inability to collect on a monetary judgment if he were to ultimately prevail on his claims in this lawsuit – "is not typically regarded as irreparable harm under Rule 65." *HBA Motors, LLC v. Brigante*, No. 1:21-cv-624, 2021 U.S. Dist. LEXIS 193641, *10 (S.D. Ohio Oct. 7, 2021) (citing *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961 (1999)). In *Grupo Mexicano*, the United States Supreme Court held that a district court has "no authority to issue a preliminary injunction preventing [the defendants] from disposing of their assets pending adjudication of [the plaintiffs'] contract claim for money damages." 527 U.S. at 333. This case applies squarely here.

At this juncture, the undersigned does not reach the issue of whether other remedies may be available to preserve an adverse party's assets prior to judgment, because that issue is not before the Court. Instead, the sole question is whether Plaintiff is entitled to a TRO or preliminary injunction that freezes Defendant Rita Hamm's assets pending resolution of this lawsuit. For the foregoing reasons, the undersigned concludes that Plaintiff has not demonstrated an entitlement to such an extraordinary remedy. Therefore, the undersigned RECOMMENDS that Plaintiff's Motion be DENIED.

4

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

**IT IS SO ORDERED.**

  */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge