# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MARK A. HILL,

       Plaintiff,

vs.

JENNIFER PELL, *et al.*,

       Defendants.

:
:
:
:
:
:
:
:
:
:

Case No. 2:21-cv-04142

Chief Judge Algenon L. Marbley
Magistrate Judge Caroline H. Gentry

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Mark Hill, an Ohio inmate who is proceeding without the assistance of counsel, filed this lawsuit against several individuals after a state-court jury convicted him on a charge of felonious assault. Plaintiff, who is Black, alleges that Defendants, who are White, conspired to deprive him of his civil rights by failing to assist him in his defense and to provide exculpatory videos after his trial. (Complaint, Doc. No. 1.)

This matter is before the undersigned Magistrate Judge upon the following motions: Plaintiff's Emergency Motion to Strike the Answer(s)/Letter(s) of Defendants Rita Hamm and Anita L Hamm ("First Motion to Strike," Doc. No. 25); Plaintiff's Emergency Rule 25(a)(1) Motion for Substitution of Defendant Rita Hamm with Executor of Estate Anita L. Hamm ("Motion to Substitute," Doc. No. 26); Plaintiff's Motion for Expedited Rule 55(b)(2) Default Judgment and Rule 54(c) Demand for Judgment Against Defendants Brittany N. Hamm and Eric B. Kovachs ("First Motion for

Default Judgment," Doc. No. 27); Defendant Pell's[1] Motion to Dismiss (Doc. No. 33);

Plaintiff's Motion to Strike Defendant Anita L. Hamm's Undated Letter Filed in July

2023 ("Second Motion to Strike," Doc. No. 36); Plaintiff's Motion for Expedited Rule

55(b)(2) Default Judgment and Rule 54(c) Demand for Judgment Against Defendant

Scott Crawford ("Second Motion for Default Judgment," Doc. No. 41); and Plaintiff's

Fed. R. Civ. P. 11(c)(2) Motion for Sanctions Against Defendant Anita L. Hamm

("Motion for Sanctions," Doc. No. 43).

For the reasons set forth below, the undersigned denies Plaintiff's Motions to

Strike and recommends that the District Judge: (1) deny Plaintiff's Motion for Sanctions,

(2) grant Defendant Pell's Motion to Dismiss and dismiss Plaintiff's claims against

Defendant Pell without prejudice, (3) dismiss Plaintiff's claims against the remaining

Defendants without prejudice, and (4) deny Plaintiff's remaining motions as moot.

## I.    PLAINTIFF'S MOTIONS TO STRIKE (DOC. NOS. 25 & 36)

In his Motions to Strike, Plaintiff seeks Court orders that strike from the record the

Answers filed by Defendant Rita Hamm (Doc. No. 13) and Defendant Anita Hamm (Doc.

No. 14), as well as a subsequent brief filed by Defendant Anita Hamm (Doc. No. 32).

### A.    Background

After Defendant Rita Hamm was served with Plaintiff's Complaint, she submitted

a handwritten letter to the Court in May 2022. (Doc. No. 13.) The letter described her

version of the events underlying Plaintiff's conviction. (*Id*. at PageID 99-102.) In

---

[1] Plaintiff's Complaint names Jennifer Pell as a Defendant. (Doc. No. 1, PageID 2.) This Defendant has indicated that her name is Jennifer Schneid. (Doc. No. 28, PageID 199.) However, because the last name "Pell" has been used on the docket and in the case caption, the Court will continue to use it here for the sake of consistency.

addition, after stating that three of her great-grandchildren are biracial, Defendant Rita

Hamm asserted: "I am not against black people." (*Id*. at PageID 99.)

In June 2022, Defendant Anita Hamm similarly submitted a handwritten letter to

the Court after she was served with Plaintiff's Complaint. (Doc. No. 14.) She explained:

"I am writing this letter to the court in the [sic] regards to the complaint filed against me

by Mark A. Hill." (*Id*. at PageID 104.) Defendant Anita Hamm discussed the events

underlying Plaintiff's conviction, denied the allegations in Plaintiff's Complaint, and

stated: "I did not conspire with [any]one." (*Id*. at PageID 104-08.)

The Clerk docketed each of these letters as an Answer, which is a formal pleading

that responds to a Complaint. *See* Fed. R. Civ. P. 7(a). It appears that Plaintiff did not

receive a copy of either Answer at the time they were filed. Neither Answer contained a

certificate of service as required by the Federal Rules of Civil Procedure and this Court's

local rules. *See* Fed. R. Civ. P. 5(d)(1) & S.D. Ohio Civ. R. 5.2.

In his First Motion to Strike (Doc. No. 25), Plaintiff seeks to strike both Answers

from the record. He states that he first learned about them in February 2023, during a

telephone conversation with an employee from the Clerk of Court's office. (*Id*. at PageID

175.) Plaintiff argues that Defendants' "failure to serve their Answer[s]/Letter[s] upon

[him] is either an intentional delay tactic utilized to thwart, or otherwise hinder, this

judicial proceeding or a reckless disregard for the prejudicial effect of their conduct on

this proceeding." (*Id*. at PageID 176.)

Defendant Anita Hamm responded to the First Motion to Strike with a letter that

asked the Court to deny the Motion and also Plaintiff's "complaints of conspiracy."

(Response, Doc. No. 32, PageID 217.) Again, her letter did not include the required certificate of service. Defendant Rita Hamm did not file a response.

In his Second Motion to Strike (Doc. No. 36), Plaintiff seeks an order that strikes Defendant Anita Hamm's Response to the First Motion to Strike (Doc. No. 32) from the record. Although Plaintiff acknowledges that he received a copy of the Response in the mail, he argues that it should nevertheless be stricken from the record because it does not contain either a case caption or a certificate of service. (*Id*. at PageID 240.)

**B.    Law and Analysis**

The Court must consider several legal principles when ruling on Plaintiffs' Motions to Strike.

The Answers that Plaintiff seeks to strike are formal pleadings. Fed. R. Civ. P. 7(a). The "action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953), *quoted in Anderson v. U.S.*, 39 F. App'x 132, 135 (6th Cir. 2002). The Sixth Circuit has cautioned that this "drastic remedy" is "to be resorted to only when required for the purposes of justice . . . [and] only when the pleading to be stricken has no possible relation to the controversy." *Id*. Here, the Answers are indisputably related to the controversy. This legal principle therefore weighs heavily against Plaintiff's First Motion to Strike.

With respect to both the Answers and the Response, the Court must also consider the right of public access to judicial records. The Sixth Circuit has repeatedly recognized that "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir.

4

2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Because "[o]nly the most compelling reasons can justify non-disclosure of judicial records," *Shane Grp., Inc.*, 825 F.3d at 305, courts should rarely grant motions to strike documents that have been filed in a case. *E.g.*, *Lipman v. Budish*, 974 F.3d 726, 752-53 (6th Cir. 2020) (directing the district court to vacate its order striking certain filings from the record). This legal principle weighs heavily against Plaintiff's First and Second Motions to Strike.

Finally, the Sixth Circuit has held that "[t]he rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011). Therefore, this Court has the discretion to overlook technical violations. *E.g.*, *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2-3 (S.D. Ohio Sept. 1, 2015) (Marbley, D.J.) (denying motion to strike pro se plaintiff's filing that exceeded page limit and noting that "the Court chooses to hold his briefing to a less stringent standard."). Here, striking these Defendants' Answers might "result in a loss of the opportunity to . . . defend a lawsuit on the merits." *Brown*, 415 F. App'x at 616. Therefore, this legal principle weighs heavily against Plaintiff's First Motion to Strike.

In light of all these considerations, the undersigned finds that orders striking the Answers and the Response are unwarranted and unsupported by the governing case law. Accordingly, the Court **DENIES** Plaintiff's First Motion to Strike (Doc. No. 25) and Second Motion to Strike (Doc. No. 36). In addition, in an abundance of caution, the Court

**DIRECTS** the Clerk of Court to mail copies of both Answers (Doc. Nos. 13 & 14) to Plaintiff at his address of record.

## II. PLAINTIFF'S MOTION FOR SANCTIONS (DOC. NO. 43)

In his Motion for Sanctions (Doc. No. 43), Plaintiff argues that Defendant Anita Hamm's Response to the First Motion to Strike (Doc. No. 32) violates Rule 11 of the Federal Rules of Civil Procedure because it contains untrue factual representations, demands that the Court deny Plaintiff's Complaint, and threatens to hire counsel if the Court does not deny Plaintiff's Complaint. Finding that Plaintiff's Motion for Sanctions is not well-taken, the undersigned **RECOMMENDS** that it be **DENIED**.

Rule 11(b) imposes certain requirements upon any attorney or unrepresented party who submits a filing in federal court. Fed. R. Civ. P. 11(b). The core requirement of Rule 11 is an obligation to act reasonably. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006). Thus, "the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" *Id*.

Defendant Anita Hamm's Response states:

I am writing this court again regarding my answer to Mark A. Hill's civil complaints against me and also my mother, estate of Rita A. Hamm. I am asking the court to deny the motion to strike all previous letters from Anita L. Hamm and Rita A. Hamm and to once again deny his complaints of conspiracy with all defendants indicated in his complaints. I am denying any involvement with his case. I was not present, nor do I have any knowledge as to what happened. I believe that Mr. Hill made a bad choice and that is why he is where he is today. I absolutely do not feel comfortable in rendering an answer to him directly and do not want to have any further contact with Mark A. Hill (my daughter's ex-boyfriend) who is providing

6

him with my information. If this is not denied, I will be seeking legal
counsel going forward.

(Doc. No. 32, PageID 217.)

The undersigned concludes that these statements are eminently reasonable under
the circumstances. Defendant Anita Hamm is plainly entitled to deny Plaintiff's factual
allegations, to ask the Court to dismiss his Complaint, and to hire legal counsel. None of
these statements comes even remotely close to violating Rule 11. Moreover, the truth of a
litigant's factual denials is not a proper subject for a Rule 11 motion. *See, e.g., Favor v.
W.L. Fore Assocs., Inc.*, No. 2:13-CV-00655, 2014 WL 533804, at *6 (S.D. Ohio Feb.
11, 2014) (Frost, D.J.) (denying Rule 11 motion that "put[] the Court in the odd position
of being required to make evidentiary determinations at the pleadings stage").

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's
Motion for Sanctions (Doc. No. 43) be **DENIED**.

## III.   DEFENDANT PELL'S MOTION TO DISMISS (DOC. NO. 33)

In her Motion to Dismiss (Doc. No. 33), Defendant Pell seeks an order dismissing
Plaintiff's Complaint for failure to state a claim upon which relief can be granted under
Rule 12(b)(6) and failure to join necessary parties under Rule 12(b)(7). Finding it to be
dispositive, the undersigned addresses only the motion to dismiss under Rule 12(b)(6).

### A.   Statement of Facts

The following statement of facts is taken from the factual allegations set forth in
Plaintiff's Complaint. For purposes of ruling on a Rule 12(b)(6) motion to dismiss for
failure to state a claim upon which relief can be granted, the Court construes the

7

Complaint in Plaintiff's favor and accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) The Court does not, however, consider any "legal conclusion couched as a factual allegation" to be true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's claims arise from his criminal case in state court, where he was tried and convicted on a charge of felonious assault in violation of Ohio Revised Code Section 2903.11. (Doc. No. 1, PageID 7 & 18.) Briefly, Plaintiff was convicted for hitting Martie Jacobs in the face with a sledgehammer on August 25, 2018. (*Id*. at PageID 7-8.)

### 1.    Allegations against Defendant Brittany Hamm

Plaintiff claims that Defendant Brittany Hamm, who is White, violated his civil rights by failing to testify on his behalf and also failing to make an exculpatory video after the trial, despite her promise to do so. (Doc. No. 1, PageID 7 & 11.) He also claims that Defendant Brittany Hamm conspired with other Defendant to fraudulently conceal the existence of Defendant Pell as an eyewitness. (*Id*. at PageID 12-13.)

Plaintiff and Defendant Brittany Hamm were "in a mixed-race relationship" from Spring 2017 through at least August 2018. (Doc. No. 1, PageID 3.)

On August 25, 2018, Defendant Brittany Hamm was visiting the home of her grandmother, Defendant Rita Hamm, when she called Plaintiff and asked him to pick her up. (Doc. No. 1, PageID 3.) While she was waiting, Martie Jacobs approached Defendant Brittany Hamm and propositioned her sexually. She declined. Jacobs then punched Defendant Brittany Hamm in the eye. (*Id*.) Approximately fifteen minutes later, Jacobs

"physically assaulted [Defendant] Brittany [Hamm] again" in the presence of Defendant Brittany Hamm's young daughter and Defendant Rita Hamm. (*Id.* at PageID 4.)

After Jacobs punched her, Defendant Brittany Hamm "went across the street and sat crying with [Defendant Pell]." (Doc. No. 1, PageID 8.) When Plaintiff arrived to pick up Defendant Brittany Hamm, she was seated outside and was crying. (*Id.*)

Together, Plaintiff and Defendant Brittany Hamm confronted Jacobs about his assault. (Doc. No. 1, PageID 4.) Although Plaintiff denies the allegation, Jacobs told police that Plaintiff "had hit him twice in the face with a sledgehammer." (*Id.*) Plaintiff states that after Jacobs "threw a punch" at his face, Plaintiff "responded with four quick punches to [Jacobs'] face in self-defense." (*Id.* at PageID 4-5.)

Defendant Brittany Hamm provided a "detailed account of the events occurring on August 25, 2018" to Plaintiff's investigator. (Doc. No. 1, PageID 6.) She also attended a pretrial conference in Plaintiff's state-court criminal case. (*Id.*) However, despite having received a trial subpoena, she "intentionally failed to appear on time" to testify at trial in Plaintiff's defense. (*Id.* at PageID 7 (emphasis omitted).)

In April 2021, Defendant Brittany Hamm told Plaintiff that she wanted to "record a video, to be posted on several social media forums, in order to publicly acknowledge that Plaintiff is only in prison because he is a Black man and that it isn't right." (Doc. No. 1, PageID 8 (capitalization adjusted).) However, she later "expressed concerns to Plaintiff about doing the video," and ultimately did not make a video. (*Id.* at PageID 9 & 11.)

Plaintiff alleges that Defendant Brittany Hamm conspired with other Defendants to deprive him of his civil rights because he is a Black man. (Doc. No. 1, PageID 12-13.)

9

### 2. Allegations against Defendant Jennifer Pell

Plaintiff claims that Defendant Pell, who is White, violated his civil rights by "giving false and misleading statement(s) to investigator(s)" and by declining to testify on his behalf because he is a Black man. (Doc. No. 1, PageID 9-13.)

On the date of the assault, Defendant Pell allegedly "eyewitnessed [sic] Martie [Jacobs] demand oral sex for $20 from [Defendant] Brittany [Hamm] and then punch her when she told him 'no.'" (Doc. No. 1, PageID 8.) Defendant Pell also allegedly saw Plaintiff "exit [his] truck without a sledgehammer and walk up the brightly lit driveway to where [Defendant] Brittany [Hamm] was sitting and crying." (*Id.* at PageID 9.)

Defendant Pell refused to speak with Plaintiff's investigator or, years later, with Defendant Brittany Hamm about what she had witnessed. (Doc. No. 1, PageID 10-11.)

Plaintiff alleges that Defendant Pell was "good friends" with Jacobs and "they are like-minded in their beliefs [about] and dislikes of Black men based upon color." (Doc. No. 1, PageID 10.) He alleges that Defendant Pell conspired with other Defendants to deprive him of his civil rights because he is a Black man. (*Id.* at PageID 12.)

### 3. Allegations against Defendant Scott Crawford

Plaintiff claims that Defendant Crawford, who is married to Defendant Pell and is White, violated his civil rights by "fraudulently concealing that [Pell] has eyewitness knowledge favorable to Plaintiff regarding the events on August 25, 2018, and by giving false and misleading statement(s) to investigator(s)." (Doc. No. 1, PageID 13.)

Plaintiff alleges that Defendant Crawford was "good friends" with Jacobs and "they are like-minded in their beliefs [about] and dislikes of Black men based upon

10

color." (Doc. No. 1, PageID 10.) He alleges that Defendant Crawford conspired with other Defendants to deprive him of his civil rights because he is a Black man. (*Id*. at PageID 12.)

### 4. Allegations against Defendant Anita Hamm

Plaintiff claims that Defendant Anita Hamm, who is White and is Defendant Brittany Hamm's mother, violated his civil rights by discouraging Defendant Brittany Hamm from making the promised exculpatory video. (Doc. No. 1, PageID 4, 9 & 11.)

Defendant Anita Hamm has custody of Defendant Brittany Hamm's children. (Doc. No. 1, PageID 9.) Plaintiff alleges that Defendant Anita Hamm told Defendant Brittany Hamm "that she would not allow Brittany to see her children again if she went public and told the truth about [Jacob] lying on [sic] Plaintiff." (*Id*. (capitalization adjusted).) Defendant Brittany Hamm told Plaintiff that her mother's threats caused her to be concerned about making the exculpatory video. (*Id*.)

Defendant Anita Hamm and Jacobs have been friends since 1985. (Doc. No. 1, PageID 4 (capitalization adjusted).) Plaintiff alleges that Defendant Anita Hamm conspired with other Defendants to deprive him of his civil rights because he is a Black man. (*Id*. at PageID 12.)

### 5. Allegations against Defendant Rita Hamm

Plaintiff claims that Defendant Rita Hamm, who is White and is Defendant Brittany Hamm's grandmother, violated his civil rights by discouraging Defendant Brittany Hamm from obtaining exculpatory evidence after Plaintiff was convicted, and by

fraudulently concealing the existence of Defendant Pell as an eyewitness. (Doc. No. 1, PageID 6, 9 & 12.)

Plaintiff acknowledges that Defendant Rita Hamm cooperated with his interviewer and testified on his behalf at his state criminal trial. (Doc. No. 1, PageID 6.) However, he alleges that in May 2021, Defendant Rita Hamm told Defendant Brittany Hamm "not to bother" Defendant Pell regarding the events of August 2018, because Defendant Pell did not want to be involved. (*Id*. at PageID 9.) Also, on a separate occasion, Defendant Rita Hamm allegedly asked Defendant Brittany Hamm: "What does [Plaintiff] think he's doing?" (*Id*. at PageID 10.)

Defendant Rita Hamm and Jacobs have been friends since 1985, and he has lived with her since 2016. (Doc. No. 1, PageID 4.) Plaintiff alleges that Defendant Rita Hamm conspired with other Defendants to deprive him of his civil rights because he is a Black man. (*Id*. at PageID 12.)

### 6. Allegations against Defendant Eric Kovachs

Plaintiff claims that Defendant Kovachs, who is White, violated his civil rights by discouraging Defendant Brittany Hamm from making the promised exculpatory video. (Doc. No. 1, PageID 9 & 11.)

Defendant Kovachs was in a relationship with Defendant Brittany Hamm between August 2019 and January 2021. (Doc. No. 1, PageID 10.) Defendant Kovachs allegedly "gave [Defendant Brittany Hamm] an ultimatum to stop trying to help Plaintiff or she would have to find another place to live." (*Id*. (capitalization adjusted).) Plaintiff alleges that Defendant Kovachs also threatened Defendant Britanny Hamm's children "for

wanting to finally do what is right by going public with the truth." (*Id*.) Plaintiff alleges that Defendant Kovachs conspired with other Defendants to deprive him of his civil rights because he is a Black man. (*Id*. at PageID 12.)

### 7. Legal claims

Plaintiff asserts that Defendants unlawfully conspired to deprive him of his civil rights in violation of 42 U.S.C. §§ 1985 and 1986. (Doc. No. 1, PageID 12.) Section 1985 provides, in relevant part:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . . [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2) & (3).

> Section 1986 provides, in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

Plaintiff claims that the individual Defendants conspired to deprive him of civil rights guaranteed by Article IV, Section 2 of the United States Constitution and by the

13

Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (Doc. No. 1 at PageID 12-14.) He demands declaratory relief and monetary damages. He also requests that the Court refer this matter to the U.S. Department of Justice for further proceedings. (Doc. No. 1, PageID 15-16.)

## B. Legal Standard

To state a claim upon which relief can be granted, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(20(B)(ii)"). Thus, the complaint must include factual allegations that are ***well-pleaded*** and ***plausible***.

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the

14

law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (internal quotations and citation omitted). In addition, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (internal quotations and citation omitted).

This Court liberally construes a *pro se* complaint and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to

15

construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### C.      Plaintiff's Complaint Against Defendant Pell Fails To State A Claim Upon Which Relief Can Be Granted.

Defendant Pell asserts that the Complaint "fails to meet these basic pleading requirements." (Doc. No. 33, PageID 223.) She argues that the Complaint "merely list[s] incidents . . . makes no allegation of conspiracy with regard to any of [her] conduct," and relies on an unsupported and conclusory assertion that Defendants conspired together to violate Plaintiff's civil rights. (*Id*. at PageID 224-25.) The Court agrees.

Plaintiff contends that because Defendant Pell was able to deny many of his allegations, his Complaint put her on notice of his claims and that is all that is required. (Doc. No. 37, PageID 258.) Plaintiff relies upon a line of Sixth Circuit cases that held that because "[d]ismissals of complaints under the civil rights statutes are scrutinized with special care . . . All a complaint need do [to survive a 12(b)(6) motion] is afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (*Id*. at PageID 252.) *See, e.g., Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). This line of cases, in turn, relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears

16

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *E.g., Westlake*, 537 F.2d at 858 (citing *Conley*).

As Defendant Pell points out, *Conley* is no longer good law. The Supreme Court abrogated *Conley* and instituted more demanding pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, a complaint will only survive dismissal if it sets forth well-pleaded factual allegations that state a plausible claim for relief. This standard applies to unrepresented litigants, including Plaintiff. *See Clanton v. Sam's Club*, No. 21-2824, 2022 U.S. App. LEXIS 11108, *2 (6th Cir. April 22, 2022) (applying *Twombly* and *Iqbal* standards to pro se plaintiff's complaint); *Stewart v. Hartford Fin. Servs. Grp.*, No. 2:19-cv-304, 2020 WL 264416, at *4 (S.D. Ohio Jan. 17, 2020) (Morrison, D.J.) (same).

Accordingly, the Court must determine whether Plaintiff's Complaint contains sufficient well-pleaded facts to assert a plausible claim for relief against Defendant Pell.

### 1. Plaintiff's Section 1985 civil conspiracy claim

It is "well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim . . . ." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Therefore, "pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

A civil conspiracy claim under Section 1985 requires "an agreement between two or more persons to injure another by unlawful action." *Gerber v. Herskovitz*, 14 F.4th 500, 511 (6th Cir. 2021) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).

To prevail on a Section 1985 claim, the plaintiff must plead and prove that "(1) a single plan existed, (2) [the defendant] shared in the general conspiratorial objective to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." *Gerber*, 14 F.4th at 511 (quoting *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011)).

Plaintiff may not rely upon a "web of inferences" or indulge in "sheer speculation" that "Defendants shared an unlawful objective." *Warner v. Bevin*, No. 3:16-cv-422, 2017 WL 88991, at *7 (W.D. Ky. Jan. 9, 2017). Nor may he rely on a "repeated recitation" that a conspiracy existed. *Id*. Instead, Plaintiff "must allege sufficient factual allegations to link . . . Defendants in the conspiracy and to establish the requisite 'meeting of the minds' essential to the existence of the conspiracy." *Thomas v. City of Circleville*, No. 2:23-cv-1474, 2023 WL 3742988, at *4 (S.D. Ohio May 31, 2023) (Preston Deavers, M.J.).

Plaintiff's allegations do not meet this standard. To the contrary, they fall far short of pleading the elements of a Section 1985 conspiracy claim.

As an initial matter, Plaintiff has not alleged facts that show that any Defendant committed an overt act in furtherance of the alleged conspiracy. The essence of Plaintiff's Complaint is that each Defendant failed to take actions that he believes would have been helpful to him, or discouraged others from taking such actions. But an overt ***act*** is an essential element of a Section 1985 claim. *Gerber*, 14 F.4th at 511. Absent an overt act, Plaintiff's Section 1985 claim fails. *See Giles v. University of Toledo*, 286 F. App'x 295, 306 (6th Cir. 2008) ("[B]ecause Giles failed to show that the University committed an unlawful action, he could not prove the elements of his civil-conspiracy claim.").

18

Plaintiff also has not alleged facts that demonstrate the existence of a "single plan" or "conspiratorial objective" between Defendants to injure Plaintiff by violating his civil rights. Plaintiff's allegations that Defendants knew each other, and were biased against him because he is a Black man, are insufficient to plausibly allege a single plan or conspiratorial objective. *See Ahmed v. Ohio State Highway Patrol*, No. 1:17-cv-2555, 2019 WL 4419054, *12 (N.D. Ohio Aug. 28, 2019) (mere "conclusory allegation of the existence of a racially motivated conspiracy" failed to state a civil conspiracy claim upon which relief can be granted); *Patterson v. McCormick*, No. 2:13-cv-293, 2014 WL 2039966, *4 (E.D. Va. May 15, 2014) (generalized allegations of racial bias failed to state a civil conspiracy claim upon which relief can be granted); *Medrano v. Acosta*, No. 2:18-cv-10108, 2021 WL 5249690, *6 (C.D. Cal. Sept. 27, 2021) (dismissing Section 1985 claim that "rest[ed] on [plaintiff's] conclusory interpretation that every party's individual actions demonstrate a collective conspiracy"). The fact that some Defendants were present during the physical confrontation between Plaintiff and Jacobs is also insufficient to establish the existence of a conspiracy. *Haile v. Vill. of Sag Harbor*, 639 F. Supp. 718, 721 (E.D.N.Y. 1986) ("The allegation that defendants were present at the scene of plaintiff's arrest, or even that they participated in that arrest, is simply not enough from which to infer that defendants had agreed to become part of a conspiracy").

Accordingly, the undersigned concludes that Plaintiff has failed to state a Section 1985 civil conspiracy claim against Defendant Pell upon which relief can be granted.

### 2. Plaintiff's Section 1986 civil conspiracy claim

"Section 1986 provides a cause of action for additional damages against a party that fails to prevent a Section 1985 violation." *Gerber v. Herskovitz*, 14 F.4th 500, 511 (6th Cir. 2021). If a plaintiff's claim under Section 1985 fails, then his claim under Section 1986 also fails. *Id*.

The undersigned has concluded that Plaintiff has failed to state a Section 1985 claim against Defendant Pell upon which relief can be granted. Therefore, the undersigned must reach the same conclusion regarding Plaintiff's Section 1986 claim.

For these reasons, the undersigned finds that Defendant Pell's Motion to Dismiss (Doc. No. 33) is well-taken and **RECOMMENDS** that it be **GRANTED**. To give Plaintiff the opportunity to rectify the deficiencies identified above in an amended pleading, the undersigned recommends that the dismissal be **WITHOUT PREJUDICE**.

## IV. PLAINTIFF'S CLAIMS AGAINST THE REMAINING DEFENDANTS

This Court is required to dismiss a prisoner complaint that fails to state a claim upon which relief may be granted "at any time" that such a determination is made. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted.").

The deficiencies in Plaintiff's claims against Defendant Pell are equally present in Plaintiff's claims against the remaining Defendants. Therefore, for the same reasons set forth above, the undersigned concludes that Plaintiff's claims against Defendants Brittany Hamm, Anita Hamm, Rita Hamm, Crawford and Kovachs fail to state a claim upon

which relief can be granted, and **RECOMMENDS** that they be **DISMISSED.**  To give
Plaintiff the opportunity to rectify the deficiencies identified above in an amended
pleading, the undersigned recommends that the dismissal be **WITHOUT PREJUDICE**.

## V.    PLAINTIFF'S OTHER MOTIONS (DOC. NOS. 26, 27 & 41) ARE MOOT

Also pending before the Court are Plaintiff's Motion to Substitute (Doc. No. 26),
First Motion for Default Judgment (Doc. No. 27), and Second Motion for Default
Judgment (Doc. No. 41). An order dismissing Plaintiff's Complaint will render these
pending motions moot. Accordingly, if the District Judge adopts the above
Recommendation and dismisses Plaintiff's Complaint with respect to all Defendants, the
undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion to Substitute
(Doc. No. 26) and Motions for Default Judgment (Doc. Nos. 27 & 41) be **DENIED AS
MOOT**.

## VI.   CONCLUSION

In sum, for the reasons stated, the undersigned Magistrate Judge **ORDERS** as follows:

1. Plaintiff's First Motion to Strike (Doc. No. 25) is **DENIED**.

2. Plaintiff's Second Motion to Strike (Doc. No. 36) is **DENIED**.

3. The Clerk is **DIRECTED** to send copies of the Answers of Defendant Rita Hamm
   (Doc. No. 13) and Defendant Anita Hamm (Doc. No. 14) to Plaintiff at his address
   of record.

Furthermore, the undersigned Magistrate Judge **RECOMMENDS** as follows:

1. That Plaintiff's Motion for Sanctions (Doc. No. 43) be **DENIED**;

2. That Defendant Pell's Motion to Dismiss (Doc. No. 33) be **GRANTED** and Plaintiff's claims against Defendant Pell be **DISMISSED WITHOUT PREJUDICE**;

3. That Plaintiff's claims against Defendants Crawford, Brittany Hamm, Anita Hamm, Rita Hamm, and Kovachs be *sua sponte* **DISMISSED WITHOUT PREJUDICE**; and

4. That Plaintiff's Motion to Substitute (Doc. No. 26), First Motion for Default Judgment (Doc. No. 27), and Second Motion for Default Judgment (Doc. No. 41) be **DENIED AS MOOT**.

**IT IS SO ORDERED AND RECOMMENDED**.

 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order and Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order and Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order and Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the

22

objections. If the Order and Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).