IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK A. HILL,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-4142 |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Caroline H. Gentry** |
| **JENNIFER PELL,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before this Court on Plaintiff Mark A. Hill's Objections (ECF No. 47) to the Magistrate Judge's Report and Recommendation (ECF No. 45); Defendant Anita Hamm's Motion to Dismiss (ECF No. 44); and Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint ("Motion to Amend," ECF No. 50). In her Report and Recommendation ("R&R"), which was filed prior to the latter two Motions, the Magistrate Judge recommended that this Court:

- Deny Plaintiff's Motion for Sanctions (ECF No. 43);
- Grant Defendant Pell's Motion to Dismiss (ECF No. 33) and dismiss Plaintiff's claims against Defendant Pell without prejudice;
- Dismiss Plaintiff's claims against the remaining Defendants without prejudice; and
- Deny Plaintiff's remaining motions (ECF Nos. 26, 27, 41) as moot.

(ECF No. 45).

For the reasons explained below, the Court hereby **ADOPTS IN PART** the R&R (ECF No. 45); **OVERRULES** Petitioner's Objections (ECF No. 47); **DENIES** Plaintiff's Motion for Sanctions (ECF No. 43); **GRANTS** Defendant Pell's and Defendant Hamm's Motions to Dismiss (ECF Nos. 33, 44); **DENIES** Plaintiff's Motion to Amend (ECF No. 50); **DENIES AS MOOT** Plaintiff's remaining motions (ECF Nos. 26, 27, 41); and **DISMISSES** Plaintiff's claims against all Defendants.

I.  BACKGROUND

A. Factual Background

While exactly what transpired is disputed by the parties, at the motion to dismiss stage, this Court is to construe the complaint in the light most favorable to the non-movant—here, Mr. Hill—and accept his well-pleaded factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The facts summarized here reflect this standard.

On August 25, 2018, upon request from his then-girlfriend, Defendant Brittany Hamm, Mr. Hill went to pick her up at her grandmother's house, Defendant Rita Hamm. (Compl., ECF No. 1, at 3). Brittany[1] informed Mr. Hill that Martie Jacobs propositioned her sexually and then physically assaulted her.[2] (*Id.* at 3-4). After seeing Brittany's black eye, Mr. Hill entered Rita's house to confront Mr. Jacobs. (*Id.* at 4). Mr. Hill and Mr. Jacobs then indisputably got into a physical altercation. (*Id.*). In Mr. Hill's view, Mr. Jacobs struck him in the face, to which Mr. Hill "responded with four (4) quick punches to Mr. Jacobs' face in self-defense." (*Id.* at 5). But in Mr. Jacobs' view, as relayed to the Columbus Police, Mr. Hill "hit [Mr. Jacobs] twice in the face with a sledgehammer." (*Id.* at 4). Notably, Mr. Jacobs' view is reflected in the criminal complaint against Mr. Hill, (*id.*, Ex. A), and serves as the basis for Mr. Hill's indictment and charge of felonious assault. (*Id.* at 5-6).

Following the incident and leading up to Mr. Hill's jury trial, a variety of individuals provided their perspective on the events of August 25, 2018. Mr. Hill voluntarily provided his account to Detective Zimmer, which mirrors what was stated above. (*Id.* at 5). Rita provided that she saw Mr. Hill inside Mr. Jacobs' room for "a while," after which she saw Mr. Jacobs laying on

---

[1] Because Defendant Brittany Hamm and Defendant Rita Hamm share a last name, this Court refers to these individuals by their first names.
[2] Mr. Hill later learned that Mr. Jacobs physically assaulted Brittany a second time. (Compl., ECF No. 1, at 4).

the bathroom floor covered in blood, but that she did not see anything between those events. (*Id.*, Ex. C). She reiterated Brittany's account of Mr. Jacobs' sexual propositioning. (*Id.*). A neighbor, Defendant Scott Crawford, contradicted this account, stating that Mr. Jacobs would not have propositioned Brittany and that Brittany was lying. (*Id.*, Ex. D). Brittany herself also spoke with the investigation team, largely corroborating Mr. Hill's account, including that Mr. Hill struck Mr. Jacobs four times and that Mr. Hill did not have a weapon on him. (*Id.*, Ex. E). She also stated that Mr. Hill had previously punched her in the face. (*Id.*).

At trial, Mr. Jacobs maintained that he did not proposition Brittany and that Mr. Hill struck him in the face with a sledgehammer. (*Id.*, at 7). Rita testified that Mr. Jacobs had propositioned and assaulted Brittany, and this time stated that Mr. Hill did not have a sledgehammer the day of the incident. (*Id.* at 6). While Brittany was subpoenaed to testify on Mr. Hill's behalf, she failed to appear on time. (*Id.*). Mr. Hill asserts that Brittany's failure to appear was purposeful. (*Id.*, Ex. F).

Mr. Hill was found guilty of felonious assault against Mr. Jacobs and was sentenced to twelve (12) years in prison. (*Id.* at 7).

Following trial, Mr. Hill learned of a potential undisclosed eyewitness to the August 25 incident between Brittany and Mr. Jacobs: a neighbor, Defendant Jennifer Pell. (*Id.* at 7-8, 10-11; *id.*, Ex. I). But Ms. Pell informed investigators that she did not want to be involved in the case. (*Id.*, at 9). Also, Brittany told Mr. Hill that Mr. Jacobs "boasted" that he was believed because he is not Black and that she had been in a new relationship since before Mr. Hill's trial. (*Id.* at 11). Mr. Hill also learned that Brittany at one point intended to record a video explaining that Mr. Jacobs' "lies … are responsible for [Mr. Hill] being in prison," but that other Defendants' threats to her children kept her from doing so. (*Id.*).

3

## B. Procedural Background

As a result of the above, Mr. Hill—an Ohio inmate proceeding *pro se*—brought suit against Defendants Jennifer Pell, Scott Crawford, Brittany Hamm, Rita Hamm, Anita Hamm, and Eric Kovachs. Mr. Hill, who is Black, alleges that Defendants, who are White, conspired to deprive him of his civil rights. Specifically, Mr. Hill takes issue with: (1) Mr. Jacobs' allegedly false testimony about the actions leading to Mr. Hill's arrest; (2) Brittany's failure to appear to testify in his defense on time; and (3) Defendant Pell and Crawford's eyewitness accounts of Mr. Jacobs' attack(s) on Brittany and lack of reporting of such. (*Id.*, at 12-14). In his eyes, had these individuals acted differently, he would not be in jail. (*Id.*, at 14). Therefore, he claims these individuals' conspiracies against him resulted in: (1) Fifth and Fourteenth Amendment violations because Defendants targeted him because he was Black (*id.*, at 10, 12-14; ECF No. 47, at 2, 13-14); and (2) Sixth Amendment violations resulting from Brittany's intentional failure to appear to testify in his defense and Defendant Pell not providing her allegedly eyewitness testimony (ECF No. 1, at 7, 11, 12-14; ECF No. 47, at 2, 10, 13-14, 19). He claims a slew of specific damages stemming from the alleged conspiracies. (ECF No. 1, at 14; ECF No. 47, at 14). He also points to a state law regarding failure to report a crime, presumably as a basis for at least some of the Defendants' liability. (ECF No. 1, at 10; ECF No. 47, at 9).

Upon review of Mr. Hill's complaint and Defendant Pell's motion to dismiss, the Magistrate Judge recommended that this Court grant Defendant Pell's Motion to Dismiss (ECF No. 33) and dismiss Plaintiff's claims against all Defendants without prejudice, and therefore recommended this Court deny Mr. Hill's other outstanding Motions (ECF Nos. 26, 27, and 41) as moot. (ECF No. 45). After the Magistrate Judge filed the R&R, Defendant Anita Hamm filed a Motion to Dismiss. (ECF No. 44). A few weeks later, Mr. Hill moved for leave to file, and subsequently filed, his Objections

to the R&R. (ECF Nos. 46, 47). Recently, Mr. Hill requested leave to file an amended and supplemental complaint. (ECF No. 50). This Court now reviews: (1) both of these new Motions (ECF Nos. 44, 50); (2) the motions covered in the R&R, as appropriate (ECF No. 45); and (3) Mr. Hill's objections (ECF No 47).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

## III. LAW AND ANALYSIS

As this Court evaluates both the Magistrate Judge's recommendations as to various motions (ECF No. 45) and two since-filed motions (ECF Nos. 44, 50), and as Mr. Hill objected to some but not all of the Magistrate Judge's recommendations (ECF No. 47), this Court addresses the posture of and objections to each set of related motions or claims in turn.

### A. Sanctions

The R&R recommends that Mr. Hill's Motion for Sanctions (ECF No. 43) be denied on multiple grounds, and Mr. Hill raises no objection to this recommendation. As this Court agrees with the recommendation, the Motion is **DENIED**. *See, e.g.*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

### B. Conspiracy Claims

The Magistrate Judge recommends that Defendant Pell's Motion to Dismiss (ECF No. 33) be granted, and that Mr. Hill's claims against all Defendants be dismissed without prejudice. (ECF

5

No. 45, at 20-21). The Magistrate Judge concluded as much after finding that Mr. Hill's complaint fails to state a claim upon which a claim can be granted because he does not sufficiently allege any of the three key elements of a civil conspiracy under § 1985. (ECF No. 45, at 16). In considering this recommendation, this Court also considers Defendant Hamm's Motion to Dismiss (ECF No. 44).

In his objections, Mr. Hill contests the Magistrate Judge's recommendation that his claims against all the named defendants be dismissed for failure to state a claim because, in his view, "he has adequately alleged that Defendants engaged – either directly or indirectly – in an unlawful conspiracy to conceal, or withhold, evidence in a state criminal trial proceeding and thereby caus[ing] Plaintiff's constitutional injury." (ECF No. 47, at 14). In support of this, he argues that he: (1) sufficiently demonstrated the requisite "meeting of the minds"; (2) showed an overt act committed in furtherance of the conspiracy; and (3) can proceed on his § 1986 claim based on his adequate § 1985 allegations. (*Id.*, at 16-20).

If a plaintiff proceeding in forma pauperis "fails to state a claim upon which relief may be granted," "the court shall dismiss" their complaint or the inadequate portions of it. 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Twombly*, 550 U.S. at 545. Pro se complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive, a complaint must contain sufficient facts which, if accepted as true as stated above, would plausibly state a claim upon which relief may be granted.

As a point of clarification, Mr. Hill is correct that the Sixth Circuit has held that the overt-act requirement can be satisfied by an omission. *See Webb v. United States*, 789 F.3d 647, 671 (6th

6

Cir. 2015); *Rieves v. Town of Smyrna, Tenn.*, 67 F.4th 856, 861 (6th Cir. 2023). But regardless, this omission, or concealment, must be *in furtherance of the conspiracy*. *Webb*, 789 F.3d at 671 (emphasis added). So, if the Court finds there is no single plan or conspiratorial objective—as the Magistrate Judge here did—there is no conspiracy to further through any alleged acts or omissions.

While this Court ultimately agrees with the Magistrate Judge's analysis and conclusion and Mr. Hill does not provide persuasive reasoning to the contrary in his objections, this Court finds that Mr. Hill's substantive § 1985 claims fail as a matter of law for a more fundamental reason: He "cannot succeed on [his] conspiracy claim because there was no underlying constitutional violation that injured [him]." *Wiley v. Oberlin Police Dep't*, 330 Fed. App'x 524, 530 (6th Cir. 2009). As to his Fourteenth Amendment claim, none of the Defendants is a state actor who can be held liable for constitutional violations, nor does Mr. Hill point to any state action by a private citizen. *See Simpson v. Ameji*, 57 Fed. Appx. 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)); *see also Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The same is true for a Fifth Amendment violation, as none of the Defendants is a government actor. *See Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 168 (6th Cir. 2014). And because the Sixth Amendment does not "guarantee[] the actual attendance of witnesses sought by the defense," this basis fares no better. *United States v. Barker*, 553 F.2d 1013, 1022 (6th Cir. 1977). As Mr. Hill therefore fails to articulate a valid Fifth, Sixth, or Fourteenth Amendment violation against Defendants, he cannot maintain a plausible conspiracy claim under § 1985. And as the Magistrate Judge explains, as goes a § 1985 claim, so goes a § 1986 claim. (R&R, ECF No. 45, at 20 (citing *Gerber v. Herskovitz*, 14 F.4th 500, 511 (6th Cir. 2021)). Accordingly, this Court **ADOPTS** the Magistrate Judge's conclusions on these claims, and Mr. Hill's claims against all Defendants are **DISMISSED**.

### C. Motion to Amend

As Mr. Hill correctly notes, under Fed. R. Civ. P. 15(a)(2), he can amend his Complaint at this stage of the proceedings only with the consent of Defendants or leave of this Court. (ECF No. 50, at 1). Because Defendants have not consented to Mr. Hill's proposed amendments, the question is whether the Court should give leave.

While leave to amend should be "freely give[n] … when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court may deny such leave "if the amendment … would be futile," *Otworth v. Dorwin*, No. 20-02153, 2021 WL 2104499, at *2 (6th Cir. May 11, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, although the Amended and Supplemental Complaint contains additional details regarding the facts underlying Mr. Hill's state-court conviction, it is flawed in the same ways as his original Complaint: (1) it is bereft of the type of facts required to claim a constitutional violation, as is required to get over the 12(b)(6) hurdle for a civil conspiracy claim, *see Wiley*, 330 Fed. App'x at 530; and (2) it still fails to allege facts sufficient to demonstrate either that the Defendants shared a "single plan" or "conspiratorial objective," as the R&R detailed, (*see* ECF No. 45, at 18-19).

In the same manner as this Court explained above regarding this first reason, this Court is hard-pressed to see how Mr. Hill could allege the facts necessary to establish a constitutional violation given the circumstances presented across both Complaints. Mr. Hill makes no attempt to involve a state or government actor or point to any state action, and he adds no additional information regarding a potential Sixth Amendment violation, instead pointing again to compulsory process. (ECF No. 50-1, at 6). As such, granting leave to amend would be futile.

While this first reason is dispositive, this Court nonetheless provides more color as to the second problem with the proposed Amended and Supplemental Complaint. First, Mr. Hill again fails to provide any "specific[] … material facts" to support his claims of a shared conspiratorial intent. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Instead, he states that Defendants Pell and Crawford "willfully, intentionally and maliciously conspired, planned, and agreed to conceal their eyewitness knowledge of the false denial(s) and accusation(s) from law enforcement officers," and that they "convinced and enlisted Defendants Rita Hamm and Anita Hamm to participate in their plan to protect their friend, Martie Jacobs." (ECF No. 50-1, at 17-18). But these allegations fail to rise above the level of "sheer speculation." *Warner v. Bevin*, No. 3:16-cv-422, 2017 WL 88991, at *7 (W.D. Ky. Jan. 9, 2017). As explained in the R&R, such a "web of inferences," (ECF No. 45, at 18), is insufficient to meet the "relatively strict" pleading standard for conspiracy claims, *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Also insufficient are Mr. Hill's allegations that, "[h]ad Plaintiff not been a Black man, but instead a White man," Defendants would not have acted against him. (ECF. No. 50-1, at 21-22). These allegations are substantively identical to his original assertion that Defendants acted out of generalized racial bias. But, as the R&R previously explained (ECF No. 45, at 19), this kind of conclusory allegation of racial motivation will not support a civil conspiracy claim, *see Ahmed v. Ohio State Highway Patrol*, No. 1:17-cv-2555, 2019 WL 4419054, *12 (N.D. Ohio Aug. 28, 2019); *Patterson v. McCormick*, No. 2:13-cv-293, 2014 WL 2039966, *4 (E.D. Va. May 15, 2014).

In sum, Mr. Hill's proposed Amended and Supplemental Complaint fails to cure the deficiencies of his original Complaint. As the proposed Amended and Supplemental Complaint would still fail to withstand a motion to dismiss for failure to state a claim upon which relief can be

granted, Mr. Hill's proposed amendments would be futile, and so his Motion to Amend (ECF No. 50) is **DENIED**.

### D. Other Motions

As to Mr. Hill's other Motions (to Substitute Party, ECF No. 26; for Default Judgment, ECF No. 27; and for Expedited Default Judgment, ECF No. 41), he states that the R&R's handlings of these motions should be "held in abeyance" so he can correct the deficiencies in an amended pleading. (ECF No. 47, at 20). But as noted above, Mr. Hill was unable to cure such deficiencies in his proposed Amended and Supplemental Complaint. This Court therefore **ADOPTS** the Magistrate Judge's recommendation as to these Motions, which are hereby **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons explained above, the R&R (ECF No. 45) is **ADOPTED IN PART**; Petitioner's Objections (ECF No. 47) are **OVERRULED**; Plaintiff's Motion for Sanctions (ECF No. 43) is **DENIED**; Defendant Pell's and Defendant Hamm's Motions to Dismiss (ECF Nos. 33, 44) are **GRANTED**; Plaintiff's Motion to Amend (ECF No. 50) is **DENIED**; Plaintiff's remaining motions (ECF Nos. 26, 27, 41) are **DENIED AS MOOT**; and Plaintiff's claims against all Defendants are **DISMISSED**. Based on this Court's rulings, this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 11, 2024**