IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. HILL, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-4142 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| JENNIFER PELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER

This matter is before this Court on Defendant Anita Hamm's second motion to dismiss (ECF No. 53) and Petitioner Mark A. Hill's *pro se* motion for leave to appeal *in forma pauperis*. (ECF No. 55). This former motion was filed the same day this Court dismissed Plaintiff's claims against all Defendants, (*see* ECF No. 51), so this motion (ECF No. 53) is **DENIED AS MOOT**. But because Mr. Hill's appeal is taken in good faith, the latter motion (ECF No. 55) is **GRANTED**.

As a result of a domestic dispute at his then-girlfriend's grandmother's house, Mr. Hill was found guilty of felonious assault against a Hamm family friend, Martie Jacobs, and was sentenced to twelve (12) years in prison. (ECF No. 51 at 3). Following his conviction and the information that came to light during trial, Mr. Hill—an Ohio inmate proceeding *pro se*—brought suit against Defendants Jennifer Pell, Scott Crawford, Brittany Hamm, Rita Hamm, Anita Hamm, and Eric Kovachs. (ECF No. 1). Mr. Hill, who is Black, alleges that Defendants, who are White, conspired to deprive him of his civil rights vis-à-vis: (1) Mr. Jacobs' allegedly false testimony about the actions leading to Mr. Hill's arrest; (2) Brittany's failure to appear to testify in his defense on time; and (3) Defendant Pell and Crawford's eyewitness accounts of Mr. Jacobs' attack(s) on Brittany and lack of reporting of such. (*Id.* at 12–14). In his eyes, had these individuals acted differently,

1

he would not be in jail. (*Id.* at 14). Therefore, he claimed these individuals' conspiracies against him resulted in: (1) Fifth and Fourteenth Amendment violations because Defendants targeted him because he was Black, (*id.* at 10, 12–14; ECF No. 47, at 2, 13–14); and (2) Sixth Amendment violations resulting from his then girlfriend and former Defendant Brittany's intentional failure to appear to testify in his defense and another former Defendant refusing to provide her allegedly exculpatory eyewitness testimony. (ECF No. 1, at 7, 11, 12–14; ECF No. 47, at 2, 10, 13–14, 19).

Upon review of Mr. Hill's complaint and Defendant Pell's motion to dismiss, the Magistrate Judge recommended that this Court grant Defendant Pell's motion to dismiss (ECF No. 33) and dismiss Plaintiff's claims against all Defendants without prejudice, and therefore recommended this Court deny Mr. Hill's other outstanding motions (ECF Nos. 26, 27, and 41) as moot. (ECF No. 45). This Court subsequently did just that, adopting the Report & Recommendation in part (ECF No. 45); overruling Mr. Hill's objections to the Report & Recommendation (ECF No. 47); denying Mr. Hill's motion for sanctions (ECF No. 43); granting Defendant Pell and Hamm's motions to dismiss (ECF Nos. 33, 44); and denying as moot the rest of Mr. Hill's motions (ECF Nos. 26, 27, 41). (ECF No. 51 at 10). As a result, this Court dismissed Mr. Hill's claims against all Defendants and thereby dismissed the case. (*Id.*). Mr. Hill filed his notice of appeal of this Court's order a few weeks later and sought leave to appeal *in forma pauperis* in order to raise the following issues:

> 1. The district court erred to Plaintiff's prejudice when limiting his Sixth Amendment fair trial violation claim to Compulsory Process and concluding it as a non-constitutional guarantee contrary to clearly established Supreme Court holdings.
> 2. The district court prejudicially held Plaintiff to an unreasonable heightened "single plan" or "conspiratorial objective" pleading requirement, holding his factual allegations to a "probably requirement."
> 3. The district court's misinterpretation and/or reinterpretation of the second clause of § 1985(2) denied Plaintiff adequate and equal opportunity for redress.

      4.      The district court erred when determining Plaintiff failed to show a plausible inference of unconstitutional discrimination.

(ECF No. 55 at 1).

A party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court with an affidavit that demonstrates the affiant's inability to pay the filing fee, claims entitlement to redress, and states the issues the party will raise on appeal. Fed R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(1). Mr. Hill's motion meets this procedural threshold. (*See* ECF No. 55 at 3–12).

Substantively, an appeal is not taken in good faith "where the appeal lacks an arguable basis either in law or fact." *In re Scott*, No. 19-1290, 2020 WL 7232197, at *1 (6th Cir. Apr. 28, 2020) (quoting 28 U.S.C. § 1915(a)(3)). To determine whether Mr. Hill seeks a good faith appeal, this Court begins with Mr. Hill's third issue—this Court's interpretation of 42 U.S.C. § 1985(2)—as it is the most fundamental. Section 1985(2) provides for a private cause of action against individuals who act, by "force, intimidation, or threat," to obstruct justice or intimidate a party or witness to testify truthfully "in any court of the United States." Section 1985(3) provides a private cause of action against those who conspire to "depriv[e], either directly or indirectly, any class of persons of the equal protections of the laws." This latter section is purely remedial, meaning it does not by itself convey any substantive rights. *Easterling v. Rice*, No. 3:15-cv-257, 2015 WL 4917008, at *3 (S.D. Ohio Aug. 18, 2015). That is, a plaintiff must support a § 1985(3) claim with allegation of a violation of an underlying right or privilege based on "membership in a protected class and discrimination on account of that membership." *Rothschild ex rel. Rothschild v. Ahmed*, No. 2:09-cv-112, 2010 WL 749923, at *4 (S.D. Ohio Feb. 22, 2010); *Easterling*, 2015 WL 4917008, at *3.

The same does not appear to be as conclusively true for § 1985(2). A review of the relevant case law reveals that the overwhelmingly majority of cases asserting a § 1985 violation involve some sort of state or quasi-state actor, in part given the requirements of § 1985(3). *See e.g.*, *Pippin v. City of Reynoldsburg*, No. 2:17-CV-598, 2019 WL 4738014 (S.D. Ohio Sept. 27, 2019); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). But this Court has evaluated § 1985(2) in the context of private citizens, *see Hillman v. Simms*, No. 2:08-cv-717, 2009 WL 650486, at *1 (S.D. Ohio Mar. 11, 2009), as has the Sixth Circuit, *see Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Loc. Union No. 3*, 902 F.2d 1568 (Table), *4 (6th Cir. 1990); *Brooks v. Am. Broad. Companies, Inc.*, 932 F.2d 495, 498–99 (6th Cir. 1991). As such, this Court agrees that Mr. Hill's request for § 1985(2) relief does not clearly depend on whether he properly alleged a constitutional violation. In this way, this Court's inquiry into the presence or lack thereof of state or government action was proper as applied to § 1985(3), but was misplaced as it pertains to § 1985(2). (*See* ECF No. 51 at 7). In light of this, Mr. Hill's contention that this Court misinterpreted the standard for conspiracy claims under § 1985(2) has an "arguable basis in law and fact." A different interpretation of the § 1985(2) standard may impact the second and fourth issue on appeal, as well, so those should also be reevaluated.

As to the last issue regarding the Sixth Amendment, this Court understands Mr. Hill to protest this Court's framing of his Sixth Amendment allegations as relating to former defendants' failure to either comply with a subpoena or choose to testify in Mr. Hill's defense. But even under a liberal pro se standard of review, this Court is unable to identify anything else in his complaint that could be the basis for a Sixth Amendment challenge. For example, Mr. Hill did not raise any arguments relating to his counsel, any confusion about what he had been charged with, or any issues with the jury. *See* U.S. CONST. amend. VI. In narrowing in on the former defendants' choices

not to testify on Mr. Hill's behalf at trial, this Court was attempting to construe the only aspect of Mr. Hill's complaint that it thought could possibly form the basis for a Sixth Amendment claim. (*See* ECF No. 51 at 7 (interpreting ECF No. 1 at 7)). But those allegations are still insufficient, since neither Brittany's abscondence from a subpoena nor the decision to not voluntarily testify rises to a constitutional violation in this context. As to Brittany, any compulsory process issue was militated by the issuance of a subpoena, as process was, indeed, issued. *See Thomas v. Knab*, No. 1:11-cv-333, 2012 WL 996972, at *2 (S.D. Ohio Mar. 22, 2012). And the Confrontation Clause was not implicated by either former defendant: Neither provided evidence at trial, so there was nothing to "confront," nor would either have been an adverse witness, considering Mr. Hill wanted them to testify on his behalf. *See United States v. Heck*, 499 F.2d 778, 789 n. 9 (9th Cir. 1974); *Veliev v. Warden, Chillicothe Corr. Inst.*, No. 2:12-cv-346, 2014 WL 3016165 (S.D. Ohio July 2, 2014), *report and recommendation adopted*, No. 2:12-cv-00346, 2014 WL 4805292 (S.D. Ohio Sept. 26, 2014). Accordingly, Mr. Hill failed to allege a meritorious Sixth Amendment claim.

Regardless, in sum, Mr. Hill's appeal is in good faith because the answer to the question of "whether, objectively speaking, there is *any* non-frivolous issue to be litigated on appeal" is yes. *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (emphasis added). Mr. Hill's motion for leave to appeal *in forma pauperis* (ECF No. 55) is therefore **GRANTED**.

      **IT IS SO ORDERED.**

                                                              **ALGENON L. MARBLEY**
                                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  April 17, 2024**