UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. HILL, | : | |
| | : | |
| Petitioner, | : | Case No. 2:21-cv-4142 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| JENNIFER PELL, *et al.*, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **OPINION & ORDER**

This matter comes before this Court on Plaintiff Mark A. Hill's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 61). For the reasons explained below, the motion is **DENIED**.

### I.    BACKGROUND

Plaintiff, an Ohio inmate proceeding *pro se*, initiated this action against Defendants Jennifer Pell, Scott Crawford, Brittany Hamm,[1] Rita Hamm, Anita Hamm, and Eric Kovachs. Mr. Hill asserts various grounds for relief stemming from the Defendants' alleged involvement in Mr. Hill's felonious assault conviction. The facts of this case are set forth at length in the Court's March 11, 2024, Opinion & Order (ECF No. 51) adopting the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 45), recommending that this Court grant Defendant Pell's Motion to Dismiss without prejudice (ECF No. 33), deny Plaintiff's remaining motions (ECF Nos. 26, 27, 43, 41), and dismiss Plaintiff's claims against all Defendants without prejudice.

---

[1] Because Defendants Brittany Hamm, Anita Hamm, and Rita Hamm share a last name, this Court refers to these individuals by their first names.

### A. Factual Background

On August 25, 2018, Defendant Brittany Hamm requested that Mr. Hill, her then-boyfriend, pick her up from her grandmother's, Defendant Rita Hamm's, house. (Compl., ECF No. 1 at ¶ 5). Brittany informed Mr. Hill that Martie Jacobs propositioned her sexually and then physically assaulted her. (*Id.* at ¶ 12). After seeing Brittany's black eye, Mr. Hill entered Rita's house to confront Mr. Jacobs. (*Id.*). Mr. Hill and Mr. Jacobs then indisputably got into a physical altercation. (*Id.* at ¶ 13). In Mr. Hill's view, Mr. Jacobs struck him in the face, to which Mr. Hill "responded with four (4) quick punches to Mr. Jacobs' face in self-defense." (*Id.* at ¶ 20). But in Mr. Jacobs' view, as relayed to the Columbus Police, Mr. Hill "hit [Mr. Jacobs] twice in the face with a sledgehammer." (*Id.* at ¶ 15). Rita provided that she saw Mr. Hill inside Mr. Jacobs' room for "a while," after which she saw Mr. Jacobs laying on the bathroom floor covered in blood, but that she did not see anything between those events. (*Id.*, Ex. C). She reiterated Brittany's account of Mr. Jacobs' sexual propositioning. (*Id.*). A neighbor, Defendant Scott Crawford, contradicted this account, stating that Mr. Jacobs would not have propositioned Brittany, and that Brittany was lying. (*Id.*, Ex. D).

At trial, Mr. Hill was found guilty of felonious assault against Mr. Jacobs and was sentenced to twelve (12) years in prison. (*Id.* at ¶ 30). Following trial, Mr. Hill learned of a potential undisclosed eyewitness to the August 25 incident between Brittany and Mr. Jacobs: a neighbor, Defendant Jennifer Pell. (*Id.* at ¶¶ 33, 35, 40-47; *id.*, Ex. I). But Ms. Pell informed investigators that she did not want to be involved in the case. (*Id.* at ¶ 40).

In this present Complaint, Mr. Hill, who is Black, alleges that Defendants, who are White, conspired to deprive him of his civil rights. Mr. Hill takes issue with: (1) Mr. Jacobs' allegedly false testimony about the actions leading to Mr. Hill's arrest; (2) Brittany's failure to appear on

time to testify in his defense; and (3) Defendant Pell and Crawford's eyewitness accounts of Mr. Jacobs' attack(s) on Brittany and lack of reporting of such. (*See generally* ECF No. 1).

### B. Procedural History

On August 11, 2021, Plaintiff filed a Complaint with this Court. (ECF No. 1). Defendant, Jennifer Pell, subsequently filed a Motion to Dismiss the Complaint. (ECF No. 33). Plaintiff filed a response in opposition. (ECF No. 37). On December 28, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendant Pell's Motion to Dismiss be granted and that Plaintiff's conspiracy claims against all Defendants be dismissed without prejudice. (ECF No. 45).

On March 11, 2024, this Court entered an Order overruling Plaintiff's objections (ECF No. 47) and adopting the Magistrate Judge's Report and Recommendation. (ECF No. 51). Subsequently, Plaintiff appealed this Court's Order to the Sixth Circuit arguing that this Court erred by rejecting his §§ 1985 and 1986 conspiracy claims for failure to state a claim, however, the Sixth Circuit affirmed this Court's decision. (ECF No. 59).

Plaintiff now seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), (3), and (6). (ECF No. 61).

### II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 60(b), a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud;

(4) the judgment is void;

3

  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

  (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

 In determining whether relief under Rule 60(b)(2) is warranted, the Sixth Circuit has noted that "a movant must demonstrate: (1) that it exercised due diligence in obtaining the information[;] and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (*quoting New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200–01 (5th Cir.1993)) (quotation marks omitted). Further, such newly discovered evidence must have been in existence at the time or pertain to facts in existence at the time of the relevant legal proceeding. *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 135 (6th Cir.1990).

 Alternatively, Rule 60(b)(3) allows for relief in situations of fraud where an "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 455, 455 (6th Cir. 2008) (*quoting Jordan v. Paccar, Inc.,* WL 528950, at *6 (6th Cir. 1996)). The Sixth Circuit has defined fraud as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538 F.3d at 456.

 Lastly, Rule 60(b)(6) serves as a catchall provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). This provision "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790

F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741,750 (6th Cir. 2013)).

Although courts have discretion in ruling on Rule 60(b) motions, that discretion "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). This principle is especially applicable to Rule 60(b)(6), "which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)).

### III.    ANALYSIS

#### A.  Rule 60(b)(2)

To support his Rule 60(b)(2) claim, Plaintiff asserts that on October 21, 2024, via Plaintiff's fiancée's public records requests, Plaintiff obtained audio recordings of interviews, conducted by the Columbus Police Department, of Martie Jacobs, Rita Hamm, and Brittany Hamm following the August 25, 2018, incident. (ECF No. 61 at 5). Plaintiff specifically points to the fact that during the newly acquired recordings, both Rita and Brittany Hamm told investigators that neighbors across the street witnessed Martie Jacobs sexually proposition and assault Brittany. (*Id.*) Accordingly, Plaintiff contends that the recordings support the "plausible inference[]" that Columbus Police also interviewed both neighbors across the street about the incident, Defendants Jennifer Pell and Scott Crawford. (*Id.* at 6). Further, Plaintiff asserts that these audio recordings were not previously provided to his defense counsel and therefore were undiscoverable at the time

5

of trial. (*Id.* at 5). Plaintiff argues that had the audio recordings been available at the time of this trial, the outcome would have been different. (*See id.* at 6-7).

This Court previously upheld the Magistrate Judge's Order finding that Plaintiff failed to state a claim for which relief could be granted because Plaintiff failed to allege a conspiratorial objective between the Defendants. (ECF No. 51 at 7). This Court additionally expanded upon the R&R and opined that Plaintiff's conspiracy claims fail as a matter of law because no Defendant is a state actor who could be held liable for constitutional violations under the Fifth and Fourteenth Amendments. (*Id.*). Lastly, this Court highlighted that the Sixth Amendment does not guarantee the appearance of witnesses at a trial, and thus Plaintiff failed to allege a constitutional violation related to Defendant Brittany Hamm failing to testify on his behalf at trial. (*Id.*). Accordingly, Plaintiff's newly discovered evidence does nothing to uproot this Court's prior judgment in Plaintiff's conspiracy case.

Although Plaintiff provides audio evidence that calls into question the veracity of the Defendants' various statements to investigators, such revelations do not cure Plaintiff's failure to state a claim in this case. The new audio recordings only provide further support for the allegations that: (1) Defendants Rita and Brittany Hamm informed investigators of the witnesses across the street; and (2) Defendant Pell may have been interviewed by the Columbus Police. In the Complaint, however, Plaintiff already alleged that Jennifer Pell had talked to investigators and did not wish to be involved. (ECF No. 1 at ¶¶ 33, 40). Therefore, this Court already considered allegations that Columbus Police likely interviewed Defendant Pell and was required to accept them as true when considering the sufficiency of Plaintiff's claims.

More importantly, the audio recordings do not provide further support as to the existence of a conspiracy between the Defendants which is a primary reason that Plaintiff's Complaint was

6

deemed insufficient by this Court. Specifically, Plaintiff still fails to offer more than speculation that the Defendants engaged in a conspiracy about him based on his race or some other protected class membership. Thus, such evidence is neither "material" nor "controlling" and it would not have "produced a different result" had he presented it prior to the motion to dismiss. *Good*, 149 F.3d at 423. Further, even if this Court were to accept Plaintiff's speculation that the Columbus Police failed to disclose potentially exculpatory witnesses to Plaintiff or his defense counsel, such evidence does not defeat the fact that none of the Defendants named in this case is a State actor who can be held liable for a constitutional violation.

Lastly, to the extent that Plaintiff argues that the audio recordings would have undermined the prosecution's theory at his trial, this Court need not entertain such arguments because "Rule 60(b) cannot be used to circumvent the stringent requirements for post-conviction relief." *In re West*, 103 F.4th 417, 420 (6th Cir. 2024). As such, Plaintiff's newly discovered evidence does nothing to alter this Court's judgment that Plaintiff failed to plead his §§1985 and 1986 claims. For these reasons, Plaintiff's Rule 60(b)(2) argument fails.

### B. Rule 60(b)(3)

Turning next to Rule 60(b)(3), Plaintiff asserts that Defendants committed fraud by making various material misrepresentations to investigators and in responsive pleadings to the Complaint warranting relief from judgment. (*See generally* ECF No. 61 at 6-8). As mentioned above, this Court dismissed Plaintiff's Complaint for failure to allege a conspiratorial objective and for failure to allege involvement of State actors. Thus, the alleged fraud Plaintiff points to is not relevant to the dismissal of Plaintiff's claims in this conspiracy case. Even in accepting that Plaintiff has identified various inconsistencies that cast doubt on the veracity of the Defendants' recounting of events on August 25, 2018, such alleged fraudulent statements did not "adversely

impact[] the fairness of the relevant legal proceeding" in which this Court assessed Plaintiff's conspiracy claims. *Info-Hold, Inc.*, 538 F.3d at 456. For these reasons, Plaintiff's Rule 60(b)(3) argument fails.

### C. Rule 60(b)(6)

Lastly, Plaintiff requests relief from judgment under Rule 60(b)(6) because Plaintiff believes this Court failed to apply the proper legal standard and held him to a heightened pleading standard. (ECF No. 61 at 9). Specifically, Plaintiff contends that under §1985, a plaintiff is not required to allege racial animus but must allege discrimination based on membership in any protected class. (*Id.* at 10). Accordingly, Plaintiff argues that this Court failed to acknowledge that he is a member of a protected class because he is a person accused of a crime. *(Id.).* Plaintiff's argument fails because in his Complaint he alleged that the Defendants discriminated against him on the basis of his race, not that he was discriminated against because he is a criminal defendant. (ECF No. 1 at ¶¶ 54, 55); (*Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 Fed. Appx 451, 466 (6th Cir. 2017) ("Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple."); *see also Bryant v. Allied Universal Security Services*, 2019 WL 6317319 at * 2 (N.D. Ohio Nov. 26, 2019) ("Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise new arguments that could have been raised in the initial complaint."). Even in accepting Plaintiff's argument that he is the member of a protected class, the Complaint makes no allegations that Defendants have discriminated against him because of his status as a criminal defendant. Finally, Plaintiff merely reframing his initial arguments does not meet the "exceptional or extraordinary circumstances" requirement under Rule 60(b)(3). *Coleman-Bey*, 287 F. App'x at 421. As such, Plaintiff's Rule 60(b)(6) motion is also denied.

8

## IV. CONCLUSION

For the foregoing reasons, this Court **DENIES** Petitioner's Motion for Relief from Judgment (ECF No. 61).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**DATED:  November 25, 2025**

9